**T. Ray PHILLIPS, Plaintiff and Respondent,**

v.

**UTAH LOCAL GOVERNMENTS TRUST, Defendant and Appellant.**

No. 18279.

Supreme Court of Utah.

March 11, 1983.

Michael T. McCoy, Salt Lake City, for defendant and appellant.

Stephen A. Laker, Ogden, for plaintiff and respondent.

OAKS, Justice:

Defendant is the underwriter for hospital and medical benefits for employees of Utah cities and towns. After his retirement from Ogden City, plaintiff elected to continue his coverage, as permitted by the city and its underwriter. Thereafter, while engaged in casual hourly employment fixing a roof for a private individual, he was injured in a fall. Defendant rejected his claim for hospital and medical expenses because of the following provision in the Master Policy, which both parties apparently concede to be applicable to employees and retired employees alike:

> 7.1. The benefits described in this certificate do not cover:
>
> 7.1.1. Accidental injury arising out of or in the course of any occupation or employment for remuneration or profit or sickness for which the insured employee or insured dependent is entitled to benefits under any workmen's compensation law, employer's liability law, or similar law or for an injury suffered as the result of an accident arising out of or in the course of employment (i.e., this policy is not a substitute for workmen's compensation).

On cross-motions for summary judgment in this action against the underwriter, the district court gave plaintiff judgment for his $6,738.62, plus interests and costs, and defendant appealed.

Defendant argues that the exclusion prevents recovery since plaintiff was injured in "an accident arising out of or in the course of employment." In its memorandum opinion, the district court rejected that argument for the following reason:

> The accident policy exclusion is to avoid coverage when Workmen's Compensation is or should be present, so that it cannot be used as a "substitute" for Workmen's Compensation or provide double coverage.

We agree.

The purpose of the exclusion, identified by the district court, is especially evident from the fact that the language in this Master Policy is, by its terms, applicable to current employees only. The policy is apparently available to retired employees only as a concession by practice. If the quoted language of exclusion is to be applied to the special casual "employment" circumstance of a retired employee, it must be by terms more explicit than these. The well-settled principle that insurance contracts are construed strictly against the insurer and in favor of the insured is therefore dispositive on the facts of this case. *Christensen v. Farmers Insurance Exchange,* 21 Utah 2d 194, 196–97, 443 P.2d 385, 386 (1968); *P.E. Ashton Co. v. Joyner,* 17 Utah 2d 162, 164–65, 406 P.2d 306, 308 (1965); 43 Am.Jur.2d *Insurance* § 283 (1982).

The summary judgment for plaintiff is affirmed. Costs to respondent.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

HOWE, J., concurs in the result.